UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JOHNSON,

    Plaintiff,

                              CASE NO.:

v.

ALL STAR SECURITY SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KENNETH JOHNSON ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ALL STAR SECURITY SERVICES, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay minimum wage and for retaliation, violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Manatee County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates a company in Manatee County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

13. Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no

authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

14. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

18. Plaintiff began working for Defendant as an armed security officer on or around May 29, 2025, and he worked in this capacity until on or around July 19, 2025.

19. At all times material hereto, Plaintiff worked hours at the direction of Defendant.

20. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an hourly salary of twenty-two dollars ($22.00).

21. During the week of July 18, 2025, Plaintiff worked for Defendant at a new location, referred to as "VANS."

22. In addition to his normal hours working for Defendant during the week of July 18, 2025, Plaintiff worked for Defendant at VANS for over fifteen continuous hours during this week.

23. However, Plaintiff was initially not compensated for these, at least, fifteen (15) hours that he worked for Defendant at VANS during the pay week of July 18, 2025.

24. Plaintiff contacted Defendant to inquire about the missing pay.

25. Defendant then informed Plaintiff that he would not be compensated for this time.

26. Plaintiff objected to Defendant's failure to compensate Plaintiff for the hours that he worked.

27. Finally, Defendant agreed to pay Plaintiff for only twelve (12) of these hours.

28. For the roughly three additional hours that Plaintiff worked, Defendant did not compensate him at all.

29. Accordingly, Defendant, as an employer subject to the FMWA, failed to pay Plaintiff the statutorily mandated minimum wage of thirteen dollars ($13.00) per hour that he worked for Defendant, as required by Fla. Stat. § 448.110.

30. Additionally, Defendant, as an employer subject to the FLSA, failed to pay Plaintiff the statutorily mandated minimum wage of seven dollars and twenty-five cents ($7.25) per hour that he worked for Defendant, as required by the FLSA.

31. Again, Plaintiff complained to Defendant's owner about Defendant's failure to compensate him for all of the hours that Plaintiff worked, which constituted violations of the FLSA and FMWA.

32. Moreover, Plaintiff's unpaid hours constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

33. Defendant also required Plaintiff to perform other duties for which Plaintiff was not compensated, including vehicle maintenance and traveling between work sites.

34. Specifically, Defendant's owner had purchased a vehicle that required certain maintenance, which Defendant required Plaintiff to perform and/or obtain for the vehicle.

35. Dates on which Plaintiff worked on this vehicle for Defendant and was not compensated include May 31, 2025, June 9, 2025, and June 10, 2025.

36. Plaintiff was not compensated for at least ten (10) hours that he worked on this vehicle.

37. Accordingly, again, Defendant, as an employer subject to the FMWA, failed to pay Plaintiff the statutorily mandated minimum wage of thirteen dollars ($13.00) per hour that he worked for Defendant, as required by Fla. Stat. § 448.110.

38. Additionally, Defendant, as an employer subject to the FLSA, failed to pay Plaintiff the statutorily mandated minimum wage of seven dollars and twenty-five cents ($7.25) per hour that he worked for Defendant, as required by the FLSA.

39. Moreover, again, Plaintiff's unpaid hours constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

40. Plaintiff objected to Defendant's failure to compensate Plaintiff for all of the hours that he worked for Defendant, which constituted violations of the FLSA and FMWA.

41. On or around July 19, 2025, toward the end of Plaintiff's shift, a new employee arrived and informed Plaintiff that he was now going to be working what had ordinarily been Plaintiff's shift.

42. Defendant required Plaintiff to train this employee on this day.

43. Defendant then terminated Plaintiff and replaced him with this new employee.

44. Defendant terminated Plaintiff's employment in retaliation for Plaintiff having engaged in protected activity under the FLSA and the FMWA.

45. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA, the FMWA, and Florida common law.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25, 27 through 28, 33 through 36, 38, and 45 of this Complaint, as though fully set forth herein.

47. During the statutory period, Plaintiff worked for Defendant, and was not paid a minimum wage for all of the hours that he worked, as mandated by the FLSA.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28, 30 through 31, 33 through 36, 38, and 40 through 45 of this Complaint, as though fully set forth herein.

51. During the statutory period, Defendant failed to compensate Plaintiff in accordance with the federal minimum wage, in violation of the FLSA.

52. Plaintiff engaged in protected activity under the FLSA, by complaining to Defendant about Defendant's failure to compensate Plaintiff at or above the federal minimum wage.

53. Shortly thereafter, Defendant terminated Plaintiff in retaliation for Plaintiff engaging in protected activity, in violation of the FLSA.

54. The foregoing conduct, as alleged constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

55. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgement against Defendant for an amount equal to Plaintiff's unpaid back wages;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

d) All costs and attorney's fees incurred in prosecuting these claims; and

e) For such further relief as this Court deems just and equitable.

## **COUNT III – FMWA MINIMUM WAGE VIOLATION**

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 15 through 25, 27 through 29, 33 through 37, and 45 of this Complaint, as though fully set forth herein.

57. Plaintiff has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendant of the deficiency in his wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

58. During the statutory period, Defendant did not pay Plaintiff the applicable Florida minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

59. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial for all issues so triable;

    b)    That process issue and that this Court assert jurisdiction over these claims;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    d)    Judgment against Defendant, stating that its violations of the FMWA were willful;

    e)    Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    f)    To the extent that liquidated damages are not awarded, an award of prejudgment interest;

    g)    A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    h)    All costs and attorneys' fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT IV – FMWA RETALIATION

60. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 15 through 29, 31, 33 through 37, and 40 through 45 of this Complaint, as though fully set forth herein.

61. During the statutory period, Defendant failed to compensate Plaintiff in accordance with the Florida minimum wage, in violation of the FMWA.

62. Plaintiff engaged in protected activity under the FMWA, by complaining to Defendant about Defendant's failure to compensate Plaintiff at or above the Florida minimum wage.

63. Shortly thereafter, Defendant terminated Plaintiff in retaliation for Plaintiff engaging in protected activity, in violation of the FMWA.

64. The foregoing conduct, as alleged constitutes a willful violation of the FMWA.

65. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a) Judgement against Defendant for an amount equal to Plaintiff's unpaid back wages;

   b) Judgment against Defendant stating that Defendant's violations of the FMWA were willful;

   c) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

   d) All costs and attorney's fees incurred in prosecuting these claims; and

   e) For such further relief as this Court deems just and equitable.

## COUNT V – UNPAID WAGES UNDER FLORIDA COMMON LAW

66. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 15 through 25, 27 through 28, 32 through 36, 39, and 45 of this Complaint, as though fully set forth herein.

67. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

68. Defendant failed to pay Plaintiff all "wages" owed to him, including at least three (3) hours during the week of July 18, 2025 and hours that Plaintiff worked on a vehicle for Defendant.

69. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 20th day of November, 2025.

    Respectfully submitted,

    */s/Brandon J. Hill*
    **BRANDON J. HILL**
    Florida Bar No: 37061
    **HANNAH E. DeBELLA**
    Florida Bar No: 1026002
    **Wenzel Fenton Cabassa P.A.**
    1110 N. Florida Avenue, Suite 300
    Tampa, Florida 33602
    Main No.: 813-224-0431

Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff